Judge Underwood
delivered th« opinion of the court.
The plaintiffs intestate agreed to pay Burnett 100 dollars, in property, “ in consideration of his services and laoor to be performed in and *641 about the management of a petition to the Govern- or, in case a certain forfeiture (described in the contract) was remitted by him.”
Talbot and G. Davis, for plaintiff; Denny, for defendant.
The declaration, upon its face, fully sets out the agreement, and we are of opinion that the court, upon the demurrer to the pleas, should have given judgment against the declaration, because the con tract is such that no recovery cap be permitted upon if. The contract is in effect to pay the plaintiff for his management, whether fair or foul, in inducing the governor to remit a forfeiture. Such contracts tend to obstruct a correct administration of the government. He who labors for the reward promised, will be induced to use his influence for the money he is to obtain ; when, as a patriot and a citizen, he should only act for the good of his country, and under an impartial sense of justice, tempered with mercy. We can readily imagine the dangers likely to result from the corrupt artifices of mercenary managers in procuring pardons and remissions.
Such contracts are denounced by most if not all the elementary writers on contracts as illegal and against public policy. We think the language of Lord Eldon, to be found in II Comyns on Contracts, 127, applicable to this case.
Wherefore, the judgment’is reversed, with costs, and the cause remanded for judgment upon the demurrer against the declaration.